Steven W. Berenter, ISB No. 2682
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829
Email: pcs@hteh.com
swb@hteh.com

John E. Floyd
Ben E. Fox
Bondurant, Mixson & Elmore
1201 W. Peachtree Street - 39th Floor
Atlanta, GA 30309
Telephone: (404) 881-4159
Facsimile: (404) 881-4111

Attorneys for Defendant Lincare Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Trudy Davis, <br><br> Plaintiff, <br><br> v. <br><br> LINCARE INC., a Delaware Corporation, and JOHN DOES I THROUGH X whose true identities are presently unknown, <br><br> Defendants. | Case No. 01-175-S EJL <br><br> STIPULATION REGARDING DISCLOSURE OF EXPERT WITNESSES |

The parties, by and through their counsel of record, hereby stipulate and agree that Plaintiff Trudy Davis ("Plaintiff") shall have until April 15, 2005 to serve her expert disclosures under Fed. R. Civ. P. 26(a)(2) relative to any economic or wages'/benefits' losses expert witness(es) that she identifies in this case, Defendant Lincare Inc. ("Defendant") shall have until May 13, 2005 to serve its expert disclosures under Fed. R. Civ. P. 26(a)(2), and rebuttal experts shall be identified on or before June 17, 2005.

This stipulation also recognizes that there are outstanding document requests regarding Medicare and/or VA billing documents which Plaintiff has propounded to Defendant, Defendant has timely objected to the requests, Plaintiff has filed motions to compel discovery relative to these document requests, the parties have presented briefing as well as oral argument on these motions, and the Court is currently considering these motions to compel. The documents that are at issue in these motions to compel will likely be necessary for Plaintiff's Medicare fraud/investigative or statistical expert to review. Given this situation, Plaintiff shall serve her expert disclosures under Fed. R. Civ. P. 26(a)(2), relative to her Medicare fraud/investigative or statistical expert, by April 15, 2005. However, given the outstanding discovery to be completed in this matter and the Court not yet ruling on Plaintiff's motions to compel the production of documents, it is specifically understood between the parties that Plaintiff's Medicare fraud/investigative or statistical expert will likely need to prepare an amended report depending on the information developed in the outstanding discovery and the Court's rulings on the motions to compel. However, it is specifically agreed by the parties that any amendment to the report of Plaintiff's Medicare fraud/investigative or statistical expert will be limited to alterations or augmentations of that expert's opinion that are caused by, or derived from, evidence found in the outstanding discovery. No amendments to this expert report will be made based upon information or evidence that was already in Plaintiff's possession prior to receiving or taking the

outstanding discovery. In turn, Plaintiff shall serve its Medicare fraud/investigative or statistical expert's amended report, if any, within thirty (30) days from either: a.) the date that Defendant produces the Medicare and/or VA billing documents as ordered by the Court, or b.) the date the Court orders that the Medicare and/or VA billing documents need not be produced by Defendant, or c.) thirty (30) days after the completion of all discovery, including the receipt of the transcripts of the depositions of Shawn Schabel and Defendant pursuant to F.R.C.P. 30(b)(6). Defendant shall have thirty (30) thereafter to serve any amended reports from its experts responsive to any amended report served by Plaintiff's experts. Any amended rebuttal expert shall have their disclosures and reports served within thirty (30) days after Defendant's service of amended reports from its experts, as outlined in this paragraph.

This Stipulation is based on the following grounds:

1. The Court's original scheduling order, dated March 5, 2003, contemplated that Plaintiff would disclose expert witnesses and the expected testimony of those witnesses forty-five (45) days before Defendant would disclose its expert witnesses and the expected testimony of those witnesses. The Court's order also contemplated that both parties would have fifteen (15) days following Defendant's disclosures to identify rebuttal experts.

2. While the Court's May 5, 2003 scheduling order has been subsequently amended to conform to an amendment of the complaint and numerous discovery extensions in this case, the parties wish to adhere to the general expert disclosure sequence contemplated in the original order, because it facilitates full disclosure and investigation of opposing experts without surprise or undue delay.

3. The parties are currently preparing for a final round of depositions in various states throughout the country.

4. The parties are in preliminary stages of settlement discussions. Because any expert opinions are likely to address some or all of the issues that may be settled, the parties believe that the schedule of expert disclosures detailed above will best preserve the benefits of time, costs, and judicial economy that settlement of all or a portion of this dispute may provide.

5. The parties are confident that the schedule of expert disclosures under Fed. R. Civ. P. 26(a)(2) as detailed above will not delay trial, currently scheduled to begin on August 8, 2005.

6. The parties are available to confer with the Court on this matter at the Court's convenience.

DATED THIS 28th day of March, 2005.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By /s/ Ben E. Fox
Ben E. Fox, Ga. Bar No. 329427

BONDURANT, MIXSON & ELMORE, LLP
John E. Floyd

HAWLEY TROXELL ENNIS & HAWLEY LLP
Steven W. Berenter

Attorneys for Defendant

DATED THIS 28th day of March, 2005.

JOHNSON & MONTELEONE, L.L.P.

By /s/ Jason R.N. Monteleone
Jason R.N. Monteleone, ISB No. 5441

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of March, 2005, I caused to be served a true copy of the foregoing STIPULATION and proposed ORDER by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| John E. Floyd<br>Ben E. Fox<br>BONDURANT, MIXSON & ELMORE, LLP<br>1201 W. Peachtree Street - 39th Floor<br>Atlanta, GA 30309 | __✓__ U.S. Mail, Postage Prepaid<br>_____ Hand Delivered<br>_____ Overnight Mail<br>_____ Telecopy |
| Steven W. Berenter<br>HAWLEY TROXELL ENNIS & HAWLEY, LLP<br>P.O. Box 1617<br>Boise, ID 83701-1617 | __✓__ U.S. Mail, Postage Prepaid<br>_____ Hand Delivered<br>_____ Overnight Mail<br>_____ Telecopy |

_____
Jason Monteleone