Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Voice: (208) 331-2100
Facsimile: (208) 947-2424
jason@treasurevalleylawyers.com
Idaho State Bar No. 5441

Wm. Breck Seiniger, Jr.
SEINIGER LAW OFFICES, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700
Idaho State Bar No.: 2387

Attorneys for Plaintiff and Relator

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| United States of America *ex rel.* Trudy Davis,<br><br>Plaintiff<br><br>v.<br><br>Lincare, Inc., a Delaware Corporation, and John Does I through X whose true identities are presently unknown,<br><br>Defendants | Case No. 01-175-S-EJL<br><br>**AFFIDAVIT OF DARRELL DAVIS** |

STATE OF IDAHO    )
                 ) ss:
County of Ada    )

Darrell Davis, being first duly sworn on oath deposes and states:

1. I am over the age of eighteen years and am married to Trudy Davis, Relator in the instant action.

2. I make this affidavit based on my own personal knowledge and belief.

3. Shortly after my wife began working for Lincare, our household was reduced to one vehicle, and I would drive my wife to work, as we both worked in Boise but lived in Caldwell.

4. I presently work, and in the fall of 1999 did work, in the construction trades primarily as a framer, and, when my wife began working for Lincare in October 1999, I was working in Boise as a framer; I typically reported to work at 7:00 a.m. daily.

5. As it was most convenient, I would drop my wife off at Lincare's offices prior to 7:00 a.m. daily, though she was not required to report to work until 9:00 a.m. This occurred for the first four or five months that my wife worked at Lincare.

6. In October 1999, after only few days of employment with Lincare, my wife called me on the telephone and asked me to get off work and to come to Lincare's Boise office to help load equipment into trucks. However, I was unable to assist due to my other commitments.

7. I would often spend time at Lincare's offices in Boise, when I was picking my wife up from work, and would even file papers in the office, while I waited for my wife to complete work on a given day.

8. I performed side-work in the Lincare office in Boise and removed oxygen tanks from delivery vans that Lincare was retiring and also changed the faucet in the restroom at Lincare's Boise offices.

9. Approximately five months into my wife's employment with Lincare, I noticed Doug Mitchell holding a paper up to a glass door and transferring writing from one document on to another document that was also held up to the glass door.

10. Approximately one month after the glass door incident referenced in the preceding paragraph, and shortly after my wife returned to work at Lincare after her maternity leave, I had a conversation with Doug Mitchell, while he was seated at my wife's desk in Lincare's Boise office, wherein we discussed Medicare fraud. Mr. Mitchell, then the center manager at Lincare's Boise center, had five, different pens in front of him, each was a different type of pen, and there were different colors of ink. Mr. Mitchell would take one pen and write on a paper, then he would turn a page and use a different pen to write on another paper. As I watched Mr. Mitchell undertake these actions, he noticed that I was watching him. Mr. Mitchell pointed to a poster that hung on the office wall that outlined the penalties for Medicare billing improprieties, and he thereupon explained that he was engaging in, "Medicare fraud," a phrase the he specifically used. Mr. Mitchell directly referenced a two-year prison sentence, if he were caught doing what he was doing. Mr. Mitchell admitted that he was forging physicians' signatures and completing portions of documents that

physicians or their staffs should be completing, because, "[I]t help[ed] everyone out." Mr. Mitchell explained that, "[D]octors are too busy and do not have the time," to be bothered with the paperwork.

11. Further your affiant sayeth naught.

_____
Darrell Davis

Subscribed and sworn to before me, this 7th day of March, 2005.

_____
Notary Public for Idaho
Residing at Boise, Idaho
My Commission Expires: 5-25-2010

# CERTIFICATE OF MAILING, DELIVERY, OR FACSIMILE TRANSMISSION

I CERTIFY that, on April 29th, 2005, I caused a true and correct copy of the foregoing document to be:

| | |
|---|---|
| ☐ mailed<br>☐ hand delivered<br>☒ CM/ECF Electronic Filing<br>☐ transmitted fax machine to: | P. Craig Storti, Esq.<br>Steven W. Berenter, Esq.<br>HAWLEY TROXELL ENNIS & HAWLEY, L.L.P.<br>877 Main Street, Suite 1000<br>P. O. Box 1617<br>Boise, ID 83701-1617<br>(208) 342-3829 (facsimile) |
| ☐ mailed<br>☐ hand delivered<br>☒ CM/ECF Electronic Filing<br>☐ transmitted fax machine to: | John E. Floyd, Esq.<br>Ben E. Fox, Esq.<br>BONDURANT, MIXSON & ELMORE<br>1201 West Peachtree Street, 39th Floor<br>Atlanta, Georgia 30309<br>(404) 881-4111 (facsimile) |
| ☐ mailed<br>☐ hand delivered<br>☒ CM/ECF Electronic Filing<br>☐ transmitted fax machine to: | Wm. Breck Seiniger, Jr., Esq.<br>SEINIGER LAW OFFICES, P.A.<br>942 W. Myrtle Street<br>Boise, Idaho 83702<br>(208) 345-4700 (facsimile) |
| ☐ mailed<br>☐ hand delivered<br>☒ CM/ECF Electronic Filing<br>☐ transmitted fax machine to: | Alan G. Burrow, Esq.<br>Assistant United States Attorney<br>U.S. Attorney's Office -- District of Idaho<br>800 Park Blvd.<br>Sixth Floor<br>Boise, Idaho 83712<br>(208) 334-9375 (facsimile) |

JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiff

AFFIDAVIT OF DARRELL DAVIS -- 5