IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA ex rel. Trudy Davis, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | Case No. CV 01-175-S-EJL |
| v. | ) ) ) | ORDER |
| LINCARE INC., a Delaware Corporation, and JOHN DOES I THROUGH X whose true identities are presently unknown, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Currently pending before the Court are Lincare's Motion for Protective Order (Docket No. 68), Davis' Motion to Compel Discovery and Motion *in Limine* (Docket No. 78), Davis' Second Motion to Compel Discovery (Docket No. 81), and Davis' Second Motion For Additional Time to Complete Discovery and Oppose Summary Judgment (Docket No. 121). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motions would not be significantly aided by additional oral argument, the Court will address and resolve the pending motions and issues before it without a hearing. Having carefully reviewed the record, considered previous oral arguments, and otherwise being fully advised, the Court enters the following Order.

Order-1-

**I.**

**BACKGROUND**

On March 9, 2005, the Court held a hearing in this matter in which it, *inter alia*, deferred all or part of three of the pending motions: Lincare's Motion for Protective Order (Docket No. 68), Davis' Motion to Compel Discovery and Motion *in Limine* (Docket No. 78), and Davis' Second Motion to Compel Discovery (Docket No. 81). *Minute Entry* (Docket No. 115). The Court instructed the parties to "submit a Joint Report identifying, with *specificity*, those discovery requests which remain outstanding, and the parties respective positions regarding the unresolved discovery requests." *Id.* at 2 (emphasis in the original).

On March 15, 2005, the parties submitted their Joint Report (Docket No. 118) identifying five types of unresolved discovery requests and articulating the parties' respective positions regarding those discovery requests. The Court concludes that the stated unresolved discovery requests encompass all unresolved discovery requests articulated in Lincare's Motion for Protective Order (Docket No. 68), Davis' Motion to Compel Discovery and Motion *in Limine* (Docket No. 78), and Davis' Second Motion to Compel Discovery (Docket No. 81). As such, the Court will consider the pending motions together.

**II.**

**RELEVANCY STANDARD**

As a general rule, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). Although the information requested need not be admissible at trial, it must be reasonably calculated to lead to the discovery of admissible evidence. *Id.* The Supreme Court of the United

States has indicated that the definition of relevancy, for purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. . . . Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues. . . . Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citations omitted).

The Supreme Court of the United States has also clarified that "discovery, like all matter of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). This Court is mindful that, "while the standard of relevancy [in discovery] is a liberal one, it is not so liberal to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, *AFL-CIO-CLC*, 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997) (internal citations omitted). In the end, however, parties are afforded a liberal right to examine documents reasonably calculated to lead to the discovery of admissible evidence. *See e.g., Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (a broad right of discovery is based on the principle that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth). It should be noted, however, that:

> Since decisions as to relevance to the subject matter of the action are made for discovery purposes well in advance of trial, a flexible treatment of relevance is required and the making of discovery,

> whether voluntary or under court order, is not a concession or
> determination of relevance for the purposes of trial.

1970 Amendment to Federal Rule of Civil Procedure 26(b)(1).

## III.

## UNRESOLVED DISCOVERY REQUESTS

The following provides necessary context for the pending unresolved discovery requests. Plaintiff-relator, Trudy Davis ("Davis"), was an employee of Defendant Lincare ("Lincare") for a little more than a year, from October 1999 to September 2000. *Amended Complaint*, ¶ 24 (Docket No. 4). Davis' primary responsibility during her employment with Lincare was to conduct Lincare's Medicare billing. *Joint Report*, p. 3 (Docket No. 118). Davis alleges that 80% of the certificates of medical necessity ("CMNs"), from Lincare's Boise facility for Medicare patients, were either improperly altered or improperly contained information. *Id.* Davis also contends that she has personal knowledge of the Veterans Affairs ("VA") billing and reimbursement process at Lincare, a process which was allegedly compromised by Lincare. *Id.* Davis asserts that she is "not making any document requests included in this joint report that do not arise from [her] personal knowledge." *Id.*

Lincare argues that, pursuant to the Federal Claims Act, 31 U.S.C. §§ 3729-3732, Davis' authority to request documents from Lincare is limited to those specific claims that she has reported to the government based on her personal knowledge. *Id.* at 6. Without Court intervention, Lincare is only "willing to produce its files for the two patients (i.e., Jack L. Rous and Janice Newman) whom [Davis] specifically alleges were the subject of specific false claims in this case." *Id.*

After carefully reviewing the sections of the Federal Claims Act relied upon by Lincare, the Court concludes that 31 U.S.C. §§ 3729-3732 simply does not impose the restrictions upon discovery that Lincare seeks. Further, the other significant legal authority, *U.S. ex rel. Stewart v. The Louisiana Clinic*, 2003 WL 21283944 (E.D. La. 2003), relied upon by Lincare in support of its argument is an unpublished opinion that is not controlling on this Court. The Court notes that in addition to being unpersuasive, the facts in the *Stewart* case clearly distinguish it from the instant action, and in the end, the *Stewart* court allowed its relators to discover the information related to Medicare patients during the period of the relators' employment with the defendant. *Id.* at 10. The Court reminds the parties that discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund,* 437 U.S. at 351.

### A. **Certificates of Medical Necessity**

Unresolved discovery requests include Request No. 11 in Davis' First Set of Interrogatories, as well as Requests for Production of Documents and Request Nos. 17 and 18 in Davis' Third Set of Interrogatories and Requests for Production of Documents. *Joint Report*, p. 2 (Docket No. 118). By these requests, "[Davis] seeks the production of CMNs from Lincare's Boise center for Medicare patients from 1998 to the present." *Id.*

Davis submits that these discovery requests are relevant as to issues of liability and damage. *Id.* at 4. Davis' Amended Complaint specifically references these documents and Davis alleges that these documents were regularly altered or improperly completed by Lincare employees. *Amended Complaint* (Docket No. 4). Davis has requested those CMNs for Medicare patients at Lincare's Boise facility arising during a six-year period encompassing her one-year

employment with Lincare. *Joint Report*, p. 4 (Docket No. 118). Hence, while the Court concludes that Davis has shown good cause for the production of her requested discovery, she has not narrowly tailored her requests to the time period of her employment, which was from October 1999 to September 2000. The Court concludes that Davis' personal knowledge of Lincare's conduct, as alleged in her Complaint, could only encompass that time period.

Accordingly, Lincare shall respond to Request No. 11 in Davis' First Set of Interrogatories, as well as Requests for Production of Documents and Request Nos. 17 and 18 in Davis' Third Set of Interrogatories and Requests for Production of Documents, but it is only required to produce those documents created during October 1999 to September 2000.

**B.      HCFA 1500 Forms**

Unresolved discovery requests include Request Nos. 31, 65, and 77 in Davis' Third Set of Interrogatories and Requests for Production of Documents. *Joint Report*, p. 2 (Docket No. 118). By these requests, "[Davis] seeks the production of HCFA 1500 forms for Medicare patients in the Boise center from 1998 to the present." *Id.*

The HCFA 1500 Forms are the documents that Lincare actually submits to Medicare for reimbursement of its services. *Id.* at 4. Davis submits that these discovery requests are relevant to issues of liability and damages as they "demonstrate the actual false claims Lincare submitted to Medicare and are premised on improperly-completed CMNs." *Id.* Again, while the Court concludes that Davis has shown good cause for the production of her requested discovery, she has not narrowly tailored her requests to the time period of her employment.

Accordingly, good cause is shown and Lincare shall respond to Request Nos. 31, 65, and 77 in Davis' Third Set of Interrogatories and Requests for Production of Documents, but it is only required to produce those documents created during October 1999 to September 2000.

C. **Explanation of Benefits Forms**

Unresolved discovery requests include Request Nos. 31, 48, and 170 in Davis' Third Set of Interrogatories and Requests for Production of Documents. *Joint Report*, p. 2 (Docket No. 118). By these requests, "[Davis] seeks the production of EOBs and EOMBs (explanation of benefits and explanations of Medicare benefits) for Medicare patients in the Boise center from 1998 to the present." *Id.*

These documents demonstrate that Medicare actually reimbursed Lincare for services upon which it requested reimbursement. *Id.* at 4. Davis submits that these discovery requests are relevant to issues of liability and damages as they "demonstrate the actual false claims Lincare submitted to Medicare and are premised on improperly-completed CMNs." *Id.* at 5. Again, while the Court concludes that Davis has shown good cause for the production of her requested discovery, she has not narrowly tailored her requests to the time period of her employment.

Accordingly, good cause is shown and Lincare shall respond to Request Nos. 31, 48, and 170 in Davis' Third Set of Interrogatories and Requests for Production of Documents, but it is only required to produce those documents created during October 1999 to September 2000.

D. **VA Delivery Tickets and VA New Patient Checklists**

Unresolved discovery requests include Request Nos. 41, 102, 118, 139, 163, and 182 in Davis' Third Set of Interrogatories and Requests for Production of Documents. *Joint Report*, p.

2 (Docket No. 118). By these requests, "[Davis] seeks the production of VA delivery tickets and VA new patient checklists for the Boise center from 1998 to the present." *Id.*

These documents were required for Lincare to receive reimbursement from the VA for services rendered. *Id.* at 5. Davis submits that these discovery requests are relevant to issues of liability and damages as they demonstrate "the actual false claims Lincare submitted to VA, as testimony exists in the record that patient signatures were forged on the new patient checklists." *Id.* Again, while the Court concludes that Davis has shown good cause for the production of her requested discovery, she has not narrowly tailored her requests to the time period of her employment.

Accordingly, good cause is shown and Lincare shall respond to Request Nos. 41, 102, 118, 139, 163, and 182 in Davis' Third Set of Interrogatories and Requests for Production of Documents, but it is only required to produce those documents created during October 1999 to September 2000.

### E. Oxygen Sales Documents

Unresolved discovery requests include Request No. 1 in Davis' Second Set of Interrogatories, Requests for Admissions and Requests for Production of Documents. *Joint Report*, p. 2 (Docket No. 118). By these requests, "[Davis] seeks the production of documents reflecting oxygen sales for Lincare's Boise center from 1998 to the present." *Id.* at 2-3.

Davis acknowledges that the requested oxygen sales documents are a "catch-all" discovery request. *Id.* at 5. Further, Davis concedes that, "if [Lincare] produces the CMNS, HCFA 1500 forms, and EOBs/EOMBs for Medicare patients at Lincare's Boise center from 1998 to the present as well as the delivery tickets and new patient checklists from 1998 to the

present, then no documents would need to be produced under this broad request for documents related to 'oxygen sales.'" *Id.* at 6.

Since the Court has compelled, on a limited basis, the balance of Davis' unresolved discovery, and because the Court concludes that Davis' "catch-all," and admittedly "broad" discovery request, exceeds the "ultimate and necessary boundaries" of discovery, *Hickman*, 329 U.S. at 507, the Court will not require Lincare to more fully respond to Request No. 1 in Davis' Second Set of Interrogatories, Requests for Admissions and Requests for Production of Documents.

## IV.

## MOTION FOR EXTENSION OF TIME (Docket No. 121)

On March 9, 2005 the Court extended until April 29, 2005 Davis' deadline to respond to Lincare's Motion for Summary Judgment (Docket No. 100). *Minute Entry*, p. 2 (Docket No. 115). On April 16, 2005, Davis filed a Motion for Extension of Time "[g]iven the outstanding discovery issues in this matter relative to the production of documents and the entry of protective orders, [Davis] require[s] additional time to complete discovery, obtain documents, review the documents, provide the documents to expert witnesses and treating health care providers of [Lincare's] patients, and oppose the summary judgment motion." *Motion for Extension of Time*, p. 2 (Docket No. 121).

On April 20, 2005, the Court entered an Order addressing certain discovery matters and approved the parties' stipulated protective order. *Order* (Docket No. 123). This instant Order resolves all other pending discovery issues now before the Court. In light of the August 8, 2005 trial scheduled in the instant action, the Court is cautious to extend deadlines that would interfere

with the trial date. However, the Court recognizes the necessity of Davis' requested relief and grants, in part, her Motion for Extension of Time (Docket No. 121). Accordingly, Lincare will have until Friday, May 13, 2005 to produce the discovery required to be compelled in this Order and Davis will have until June 3, 2005 to respond to Lincare's Motion for Summary Judgment (Docket No. 100).

## V.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Lincare's Motion for Protective Order (Docket No. 68), Davis' Motion to Compel Discovery and Motion *in Limine* (Docket No. 78), and Davis' Second Motion to Compel Discovery (Docket No. 81) are GRANTED in part and DENIED in part, as articulated in previous sections of this Order.

2. Davis' Second Motion For Additional Time to Complete Discovery and Oppose Summary Judgment (Docket No. 121) is GRANTED in part. Lincare will have until Friday, May 13, 2005 to produce the discovery compelled in this Order. Davis will have until June 3, 2005 to respond to Lincare's Motion for Summary Judgment (Docket No. 100).

DATED: **May 3, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge